Salvador GALDAMEZ, Plaintiff–Appellant,

v.

Justin TAYLOR, Superintendent, Gouverneur Correctional Facility, T. Eagen, Director of CORC, Lieutenant Don, A. George, Norman, Corrections Officer, Defendants–Appellees.

No. 07–4855–pr.

United States Court of Appeals, Second Circuit.

May 7, 2009.

Salvador Galdamez, Gouverneur, NY, pro se.

Andrea Oser, Attorney General's Office, State of New York, The Capitol, Albany, NY, for appellees.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Salvador Galdamez, *pro se*, appeals from the judgment of the United States District Court for the Northern District of New York (Mordue, *C.J.*), dismissing *sua sponte* Appellant's claims for failure to state a claim. We assume the parties' familiarity with the facts and procedural history.

We review the district court's *sua sponte* dismissal under 28 U.S.C. § 1915(e) *de novo*. *Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001).

To prevail on a procedural due process claim under § 1983, a plaintiff must show that he "possessed a protected property interest and was deprived of that interest without due process." *See McMenemy v. City of Rochester,* 241 F.3d 279, 285–86 (2d Cir.2001) (internal quotation marks omitted). Due process generally requires that a state afford individuals "some kind of hearing" prior to depriving them of a liberty or property interest. *DiBlasio v. Novello,* 344 F.3d 292, 302 (2d Cir.2003) (internal quotation marks omitted). However, this Court has recognized that "due process does not require the impossible." *Id.* Thus, intentional destruction of property by state officials during random searches of prison cells is not actionable under § 1983 if a "meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).

■ Appellant asserts both that he was not provided a meaningful postdeprivation

remedy to compensate him for his loss and that prison officials removed his property according to prison rules and procedure, which arguably were in violation of his due process rights. With respect to the first claim, a postdeprivation remedy is adequate as long as the plaintiff had access to a timely and substantively meaningful review. *See Parratt v. Taylor,* 451 U.S. 527, 541, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). Appellant's amended complaint revealed that he did have access to adequate postdeprivation remedies, and the complaint included no specific allegations regarding the inherent unfairness of the remedies afforded to prisoners. Appellant's only support for the assertion that the remedies were not meaningful is that he was unsuccessful in obtaining relief. Thus, the district court correctly found that Appellant could not pursue a § 1983 claim for those deprivations.

Alternatively, Appellant appears to argue that he was deprived of property based on prison rules and procedures. This allegation was not included in the amended complaint, which did not claim that the established procedure of the prison was unconstitutional. As the district court did not have an opportunity to rule on it, the claim is not properly before this Court. *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (explaining the well-established general rule that a court of appeals will not consider an issue raised for the first time on appeal). Moreover, Appellant does not specifically challenge the district court's dismissal of his retaliation claim and, thus, has waived this issue on appeal. *See Lo-Sacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995).

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.